IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| LEO FLEETON, #158 408 | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-226-ID |
| | | (WO) |
| RICHARD ALLEN, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint and amended complaint filed by Plaintiff, a state inmate currently incarcerated at the Draper Correctional Facility ["Draper"]. The complaint concerns a dispute over conditions of confinement at Draper, Plaintiff's ability to access to the courts, and the actions of correctional officials with respect to Plaintiff's classification as a restricted offender. Plaintiff names as defendants former Commissioner Richard Allen, Warden Gwendolyn Mosely, Willie Thomas, Phillis Billup, Classification Officer Jackson, and Mail Room Clerk Mr. Brown. As relief, Plaintiff requests an investigation into the conditions in F Dorm, that Defendants treat him like other similarly situated inmates as described in the complaint, as amended, and that he either be transferred or receive a damage award, including fees and costs, from Defendants. (*Doc. Nos. 1, 7*.)

Upon review of the complaint, as amended, the court concludes that dismissal of some of Plaintiff's claims prior to service of process is appropriate under 28 U.S.C. §

1915(e)(2)(B).[1]

# I. DISCUSSION

*A. Equal Protection*

Plaintiff asserts that Defendants have denied him equal protection because they have removed other inmates with offenses similar to his from restricted offender status while his requests for such treatment have been denied. (*Doc. Nos. 1*, 7.)  This claim entitles Plaintiff to no relief.

In order to establish a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006).  "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington*

---

[1]The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action. (*Doc. No. 3*.)  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where Plaintiff challenges actions of correctional officials, exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Plaintiff utterly and completely fails to meet his pleading burden as he does not allege that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. To the extent Plaintiff relies on the fact that some inmates other than himself have been removed from restricted offender status as the basis for this claim, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty*, *supra*.

Based on the foregoing, the court concludes that Plaintiff's claim of discrimination

does not rise to the level of an equal protection violation and, therefore, provides no basis for relief in this 42 U.S.C. § 1983 action. Consequently, this claim is subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

*B. Due Process*

To the extent Plaintiff complains that the classification level assigned to him at Easterling is improper, he is likewise entitled to no relief. An inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process. Thus, any claim challenging the decision to classify Plaintiff as a restricted offender is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

*C. Access to Courts*

Plaintiff claims that Defendant Brown is denying inmates access to the courts by not sending their inmate account statements to the court for assessment of filing fees. It is clear from a review of the pleadings in this case that Plaintiff was not subjected to the action about which he complains. To the extent Plaintiff seeks to bring this claim on behalf of other inmates, he lacks standing to assert the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751

(1984). As it is clear from the pleadings before the court that Plaintiff is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of third parties," *Saladin*, 812 F.2d at 690, he is alleging "infringement of a legal interest which clearly does not exist." This claim, is therefore, subject to dismissal as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*D.  Respondeat Superior*

Plaintiff names former Commissioner Richard Allen as a defendant in this action. The court understands Plaintiff as seeking to hold Defendant Allen liable for the constitutional violations alleged in the complaint on the basis of *respondeat superior*.

Plaintiff's attempt to impose liability on Defendant Allen and/or the present Commissioner of the Department of Corrections as a result of the alleged wrongdoings by subordinate defendants is due to be dismissed. The law is settled that supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability absent proof of actual personal involvement in the alleged wrongdoing. *See Monell v. New York Dept. of Social Services*, 436 U. S. 658, 691 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official

is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Accordingly, the court finds that Plaintiff's complaint against Defendant Allen is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(I). *See Neitzke,* 490 U.S. 319.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's equal protection, due process, access to courts, and *respondeat superior* claims be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(I) & (ii);

2. Plaintiff's complaint against Defendants Allen, Jackson, and Brown be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(I);

3. Defendants Allen, Jackson, and Brown be DISMISSED as parties to the complaint; and

4. This case with respect to the remaining defendants be REFERRED back to the undersigned for further proceedings.

It is further

ORDERED that on or before **June 3**, **2011** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of May 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE